**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SANDRA L. SUTTON,**

           **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-1900-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**
_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument[1] on review of the Commissioner's administrative decision to deny Plaintiff's applications for a period of disability and Disability Insurance Benefits under the Social Security Act. For the reasons set forth herein, it is **ORDERED** that the decision is **REVERSED and the matter REMANDED** for additional consideration, as set forth below.

### *PROCEDURAL HISTORY*

On August 19, 2003, Plaintiff filed an application for Disability Insurance Benefits, alleging a disability onset date of May 18, 2003 (R. 62-64). The application was denied initially and upon reconsideration. Plaintiff requested and received an administrative hearing before an Administrative Law Judge (herein "the ALJ") (R. 504-26). The ALJ issued an unfavorable decision on April 11, 2006 (R. 10-19). Plaintiff filed a Request for Review with the Appeals Council, submitting a newly prepared report from one of Plaintiff's treating physicians (R. 8, 491-503). On October 31, 2007, the

---

[1]Although Plaintiff requested oral argument, in view of the disposition herein the Court concludes that argument is unnecessary.

Appeals Council declined the request, making the ALJ's decision the final decision of the Commissioner (R.4-8). This action timely followed (Doc. No. 1) and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and is ready for disposition.

### *NATURE OF CLAIMED DISABILITY*

Plaintiff claims to be disabled due to left hip pain, back pain, and leg pain residuals from surgery (R. 82), and severe headaches and memory loss due to Arnold Chiari Malformation (R. 103).

### *Summary of Evidence Before the ALJ*

Plaintiff was 42 years old at the time she alleged that her disability began and 45 years old at the time of the ALJ's decision (R. 13-19, 62). She completed high school and has three years of college, with an AA degree (R. 507). She has past relevant work experience as a member of the office staff at Publix Supermarkets, where she worked for twenty years (R. 83).

In the interests of privacy, Plaintiff's medical history, which is detailed in the administrative record, need not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the record reflects that in August 2002, prior to the date of alleged onset, Plaintiff was admitted to the hospital complaining of left hip pain (R. 121-137), and shortly thereafter had a biopsy, open reduction, internal fixation and bone grafting secondary to a diagnosis of a lesion in the left femoral neck ( R.121-37, 138-58). She underwent physical rehabilitation and was released to light duty activities in the months that followed. Although x-rays and other objective testing did not reveal significant issues, Plaintiff continued to complain of left hip pain and, in February 2005, an MRI disclosed some changes and synovial thickening (R. 310-11). In March 2005, Plaintiff underwent

surgical removal of her hip hardware (R. 332-64) and, following a course of physical therapy, her condition improved, although she continued to have some pain (R. 282-290; 277).

In addition to her hip surgeries and treatment, Plaintiff was diagnosed with left shoulder impingement (R. 210), and was treated conservatively (R. 320). The record also contains notes, evaluations and treatment relating to Plaintiff's complaints of headaches and light-headedness, thought to be secondary to Arnold Chiari Malformation[2] (*See, for example,* R. 247-48; 242, 237-38).

Although Plaintiff was not examined by a consultative physician, the record includes opinions of non-examining state agency consultants (R. 192-99; 249-256; 261-274) as to both physical and mental impairments. Plaintiff appeared and testified at her hearing. There was no Vocational Expert testimony or evidence.

Based on a review of the evidence, the ALJ found that Plaintiff suffered from the severe impairments of status post left hip replacement with residual pain and left shoulder pain (R 18), but nonetheless retained the residual functional capacity to perform essentially a full range of sedentary work. *Id.* The ALJ determined that the Plaintiff was able to perform the requirements of her past relevant work as a receptionist/secretary (R.19) and that "even if [she] were to be found unable to perform her past relevant work" she would nevertheless not be found to be disabled, pursuant to Medical-Vocational Rule 201.22, Appendix 2, Subpart P, Regulations No. 4 (R. 18, 19).

After the decision, Plaintiff presented a report (dated October 6, 2006) to the Appeals Council from one of Plaintiff's treating physicians that indicated that Plaintiff suffered from headaches due

---

[2]Arnold-Chiari deformity is a condition in which the inferior poles of the of the cerebellar hemispheres and the medulla protrude through the foramen magnum into the spinal canal. Taber's Cyclopedic Medical Dictionary, (Clayton L. Thomas, M.D., M.P.H., 16th ed., 1989).

-3-

to Arnold-Chiari Malformation 2 to 3 times a week, each several hours in duration (R. 499-502). Dr. Mogle opined that during these headaches Plaintiff would "sometimes" be precluded from work and would need to take unscheduled breaks to lie down (R. 501-2). The Appeals Council did not consider this report sufficient to grant review.

## *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Plaintiff raises three issues in her brief: 1) whether the Appeals Council failed to consider new and material evidence; 2) whether the ALJ erred by failing to consider the Plaintiff's headaches as a severe impairment; and 3) whether the ALJ erred by relying on the Grids and failing to obtain a Vocational Expert to testify. As the Court finds that the ALJ failed to properly consider and evaluate all of Plaintiff's impairments, the matter must be remanded for additional proceedings, and the first and third issue are moot.

## The Five Step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The instant case was determined at the fourth step, with an alternative finding at the fifth step.

As set forth above, the ALJ made a finding at the second step that Plaintiff had the severe impairments of status post left hip replacement with residual pain and left shoulder pain (R 18). Notably, the ALJ did not find that Plaintiff had an impairment due to her headaches suffered as a result of a documented malformation of her brain. Plaintiff asserts that this was error. The

-5-

Commissioner disagrees, asserting that: 1) "Plaintiff currently alleges disability due to headaches, [but] her initial disability report failed to mention her headaches (R. 82)" and Plaintiff failed to mention any disability related to headaches at her hearing (Brief at 2); 2) the treatment records do not show that Plaintiff experienced any significant limitations related to headache pain prior to the date of the administrative decision; and 3) the failure to list the headaches was harmless "oversight," in that "the ALJ allowed Plaintiff to be limited to sedentary work activity to provide for her ongoing complaints of pain [and] such a limitation would clearly accommodate Plaintiff's headaches . . ." (Brief at 13).

Contrary to the Commissioner's representations, Plaintiff did indeed mention her headaches in her initial disability report. *See* R. 84 - noting visits to her neurologist dating back to 2001 for "severe headaches." Moreover, in her Reconsideration Disability Report filed shortly thereafter, Plaintiff mentioned that there was a change in her symptoms, and noted that she suffered severe headaches "frequently" due to Arnold Chiari Malformation (R. 103- dated December 2003). The Commissioner is also incorrect in asserting that Plaintiff did not testify as to her headaches. In fact, Plaintiff testified that she was prescribed medication for her headaches and that she has headaches "about two to three times a week." (R. 514). This is not, as implied by the Commissioner, a new complaint.

As for the second argument, the medical evidence does, in fact, indicate that Plaintiff sought treatment for her headaches, described as "chronic" by her physician during the time period at issue (*See, e.g.* R. 444). On February 19, 2001, Plaintiff was evaluated by neurologist Douglas Mogle, M.D. for headaches and light-headedness, reported as "blackouts." (R. 247-48). Dr. Mogle diagnosed headaches, secondary to Arnold-Chiari malformation and lightheadedness, and she began to take medications. On April 2002, Plaintiff reported that her headaches were "getting bad." (R. 242). Dr.

Mogle increased her medication. An MRI of the cervical spine taken in October 2003 confirmed Chiari I malformation and showed minimal degenerative changes in the cervical spine (R 237-238). Plaintiff continued to complain of sudden headaches, with nausea, and she noted that the medication seemed to help, although she was experiencing tingling in the hands, thought to be a side effect of her medication (R. 235, 223). The headaches were described numerous times by Plaintiff as "severe" (R. 359). Plaintiff complained of worsening headaches in 2004, noting that any time she laughs or strains, she "gets the headache in the skull." (R. 330). Sometimes, Plaintiff's headache lasted all day long, sometimes only a few minutes. *Id.* She testified that her medication did seem to help.

A claimant's burden at step two is mild, and the claimant need only show that her "impairment is not so slight and its effect is not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986). Here, Plaintiff has established a documented impairment of sudden and severe headaches, suffered two to three times a week or more, lasting anywhere from a few minutes to a few hours to all day long. Such a condition would likely effect the ability to do basic work activities and Plaintiff has carried her mild burden at step two. It was error not to consider the headaches as a severe impairment.

The Commissioner last argues that even if it is error, such is harmless in that "the ALJ allowed Plaintiff to be limited to sedentary work activity to provide for her ongoing complaints of pain [and] such a limitation would clearly accommodate Plaintiff's headaches . . ." (Brief at 13). Such a conclusion is by no means "clear," and this argument misstates the role of the Court on review. It is not the Court's task to reach that conclusion in the first instance, nor to weigh or reweigh the evidence – that is the ALJ's prerogative and duty.

Moreover, in determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability

determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having severe hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled. *Id.*, 985 F.2d at 534. Here, there is no evidence that the ALJ considered the combined effect of the headaches coupled with Plaintiff's other impairments, in determining Plaintiff's residual functional capacity. The case must be remanded to enable the ALJ to do so.

The other two issues raised by Plaintiff are rendered moot by this conclusion. On remand, the ALJ will have the benefit of the October 2006 opinion of Dr. Mogle, and any conclusion regarding the necessity of a Vocational Expert is premature, absent a new finding as to Plaintiff's residual functional capacity that accounts for all the impairments at step two.

The Court reminds the parties that nothing contained herein is meant to imply that the ALJ should reach a particular conclusion regarding that finding, or the ultimate finding with respect to disability. The Court holds only that the ALJ erred in not considering Plaintiff's headaches and any limitation arising therefrom as a severe impairment at step two, and that error can only be remedied by reversing the decision and remanding for that consideration.

## *CONCLUSION*

For the foregoing reasons, the Commissioner's decision was not made in accordance with proper legal standards and is not supported by substantial evidence, and is therefore **REVERSED** under sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for additional proceedings not inconsistent with this opinion. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record